IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

| | |
|---|---|
| In Re:<br>RBSF Construction Company<br>　　　　　Debtor(s)<br>HSBC Bank USA, National Association, as Trustee for Wells Fargo Mortgage Backed Securities 2007-7 Trust<br>　　　　　Movant<br>v.<br>RBSF Construction Company<br>　　　　　Respondent(s) | Chapter: 11<br><br>Case No: 24-11678-pmm |

**CREDITOR HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR WELLS FARGO MORTGAGE BACKED SECURITIES 2007-7 TRUST'S MEMORANDUM OF LAW IN SUPPORT OF THE OBJECTION TO CONFIRMATION OF CHAPTER 11 PLAN OF REORGANIZATION**

Movant and objecting Creditor, HSBC Bank USA, National Association, as Trustee for Wells Fargo Mortgage Backed Securities 2007-7 Trust ("***Creditor***"), hereby submits this Memorandum of Law in support of the Objection to Confirmation of Chapter 11 Plan (Doc. 64) and Motion for Relief (Doc. 51) filed by RBSF Construction Company ("***Debtor***") and in support thereof states:

## FACTUAL BACKGROUND

On March 29, 2007, Amy C. Donaghy signed a Note in the principal sum of $568,000.00 evidencing a loan from Shelter Mtg. Co., LLC dba Guaranty Northeast Mtg. in the same amount secured by the real property located at 3 E Spring Oak Circle, Media, PA 19063 (the "***Property***"), as evidenced by a mortgage executed by Amy C. Donaghy in favor of mortgage Electronic Registration Systems, Inc. as nominee for Shelter mtg. Co., LLC dba Guaranty Northeast Mtg., which mortgage was duly recorded with the Delaware County Recorder of Deeds on March 30, 2007 at Book 04064 at Page 1497 as Instrument No. 2007028864. A true and correct copy of the mortgage is attached as Exhibit A and is incorporated by reference. The mortgage was executed by an individual consumer, Amy C. Donaghy, to finance the purchase of her primary residence making the mortgage a residential loan rather than a commercial loan. *See* Ex. A.

The mortgage was ultimately assigned to Creditor who initiated a mortgage foreclosure action following a default of the mortgage terms due to a failure to timely remit the monthly

mortgage payments. Creditor commenced the mortgage foreclosure action in the Delaware County Court of Common Pleas by filing a Complaint on January 31, 2012. Subsequently, Creditor filed a Writ of Execution on January 26, 2023. Following the entry of judgment, the Property was scheduled to be exposed to sheriff's sale, but on May 16, 2024, Debtor filed a voluntary petition under Chapter 11 of Title 11 (the "**Bankruptcy Code**" or the "**Code**") which was assigned case number 24-11678-PMM. In response to an Order to Show Cause why this case should not be dismissed for failure to timely file a proposed plan of reorganization and after Creditor filed a Motion for Relief from Stay under 11 U.S.C. §362, Debtor filed a Plan of Reorganization (the (**Plan**") November 25, 2024. Creditor filed a timely objection to the confirmation of Debtor's Plan as it improperly attempts to modify Creditor's judgment lien under 11 U.S.C. §1129(b). At the March 19, 2025, hearing regarding Creditor's request for relief and confirmation of the Plan, a central issue arose.

## ISSUE PRESENTED

Whether a lease between Debtor and Debtor's Principal, that may contain a bare bones right of first refusal clause, provides Debtor sufficient colorable title to modify Creditor's lien secured by the leased property? Suggested Answer: No.

## LEGAL ARGUMENT

### I.    STANDARD OF REVIEW

In relevant part, §362(d) of the Bankruptcy Code provides that:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay (1) including the lack of adequate protection of an interest in property of such party in interest; (2) with respect to a stay of an act against property under subsection (a) of this section, if (A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization.

As set forth above, under 11 U.S.C. § 362(d)(1), a creditor may be granted relief from the automatic stay for cause, including a lack of adequate protection for its interest in the property. *See In re Biltwood Properties LLC*, 473 B.R. 70, 74 (Bankr. M.D. Pa. 2012). Relief may also be granted if the debtor has no equity in the property and the property is not necessary to an effective reorganization. *Id*. The term "adequate protection" is not defined in the Bankruptcy Code. At a bare minimum, however, it means that a secured creditor must be given reasonable assurance that the value of its secured interest in an item of property is, and will

continue to be, protected by the debtor. *In re Cooley*, 37 B.R. 590, 592 (Bankr. E.D. Pa. 1984). Adequate protection comes in a variety of forms, including periodic payments, additional replacement liens, and other relief that provides the "indubitable equivalent" to the protections afforded to the creditor outside of bankruptcy. *In re Biltwood, supra*. The debtor has the burden of proof on the adequate protection issue under §362(d)(2).

II.     *Debtor Holds No Legal or Equitable Title to the Property*

A threshold issue to whether a Chapter 11 debtor/tenant may use its lease to modify a secured lien is whether the Property is part of the Debtor's bankruptcy estate. Section 541 of the Bankruptcy Code limits the bankruptcy estate to property in which the debtor holds a legal or equitable interest as of the petition date. Here, Debtor holds neither.

Debtor is merely a tenant under a pre-petition lease. The lease does not impose any obligation on the lessor to sell the Property. Rather, the lease merely purports to contain a valid right of first refusal clause allowing Debtor to match any purchase offer the lessor may receive should the lessor choose to sell the Property. Even if the lease clause is found to be a valid right of first refusal clause, it is not an ownership interest; it is a conditional contractual right that arises only if the Property owner elects to sell. In Pennsylvania, the governing non-bankruptcy law, a right of first refusal does not convey an equitable interest in real property. *See CitiMortgage Inc. v. Comini*, 184 A.3d 996 (PA Super. 2018). Specifically, the right of first refusal does not create an ownership interest in real property but rather creates a personal obligation on the part of the property owner. *Id*. Pennsylvania courts have consistently treated right of first refusal clauses as contractual rights that do not impair the rights of creditors or mortgagees unless explicitly stated otherwise in the agreement or unless the lease containing the right of first refusal clause is recorded to provide constructive notice to subsequent purchasers or mortgagees. *Id*. Here, the lease is not only devoid of any explicit statement intending to impair the rights of creditors or mortgagees, but it was also never recorded.[1] In fact, rather than attempt to impede the rights of creditors or mortgagees, Paragraph 8.8 of Debtor's lease explicitly states that the Lease is "subject, subordinate, and inferior to any liens or encumbrances now or hereafter placed on the Premises by the Landlord" thereby preserving, rather than reducing, Creditor's rights with respect to the Property. *See* Doc. 85-86. Moreover, and very tellingly,

---

[1] Even if the lease had been recorded, Amy C. Donaghy signed the mortgage before Debtor was even formed making it impossible for Creditor's predecessor in interest to have any kind of notice as to the lease terms.

Debtor's plan does not contemplate or propose to sell the Property, effectively admitting the infeasibility of the Plan, as Debtor has no ability to sell the Property unless Debtor's Principal uses his insider status to sell the Property thereby, theoretically, manufacturing an equitable interest for Debtor based on the right of first refusal clause. As there is no pending sale or offer, the right of first refusal clause has not ripened and cannot be used as a basis for modifying Creditor's secured lien.

Further, Debtor's reliance on the right of first refusal clause is insufficient to support the proposed plan. As the Third Circuit recognized in *Cuffee v. Atlantic Business and Community Development Corp. (In re Atlantic Business and Community Corp.),* 901 F.2d 325, 327 (3d Cir.1990), only property owned by the debtor, either legally or equitably, becomes part of the bankruptcy estate. Here, the Estate of Amy C. Donaghy remains the legal title holder of the Property while Debtor's interest, if any, would be limited to the leasehold. Any modification therefore is limited to Debtor's rights enumerated in the leasehold. *Id*. Whereas, modification of Creditor's secured lien is not a right afforded to Debtor as they are a stranger to the mortgage and Creditor's judgment lien robbing them of standing to modify its terms. *Schuster v. Pa. Tpk. Com.*, 395 Pa. 441, 451, 149 A.2d 447, 452 (1959)(finding that Turnpike Commission lacked standing to invoke the statute of frauds as part of an effort to invalidate an oral contract, as it was not a party to, nor the intended beneficiary of the oral contract; rather it was, as Debtor is here, a stranger to the original transaction); *see also Hamilton v. Curiel (In re Curiel*), 651 B.R. 548 (9th Cir. B.A.P. 2023), appeal dismissed (finding that a tenant who was not a party to the mortgage or State Court judgment did not have an interest in the mortgage itself, and therefore could not seek to modify it as part of their Chapter 11 Plan under 11 U.S.C. §1123).

### III.    Cause Exists to Lift the stay for Lack of Adequate Protection (11 U.S.C. §362(d)(1))

Relief from the automatic stay is warranted because Creditor lacks adequate protection for its secured interest in the Property. The Code does not define "adequate protection", but Courts have interpreted it to require assurance that the value of a secured creditor's interest will not decline during the bankruptcy. *See In re Cooley*, 37 B.R. 590, 592 (Bankr. E.D. Pa. 1984). Here, Creditor holds judgment against the Property, yet Debtor's Plan proposes to reduce Creditor's secured claim to $500,000 despite Debtor's lack of title and inability to compel a sale or conveyance. Debtor's valuation of the Property is unsupported by an appraisal, but even if the proposed valuation were accepted as true, following a successful cramdown of Creditor's lien,

the Plan proposes to purchase the Property for $500,000. This proposal similarly provides Creditor with no adequate protection as Debtor's filings show a glaring inability to secure financing to purchase or purchase the Property at that price point. Indeed, Debtor's most recent Monthly Operating Report identifies only $2,464.35 in cash on hand and total receivables of $213,609, a mere $6,000 more than the pre-petition receivables that were over 90 days old at the onset of Debtor's bankruptcy filing. *See* Docs. 72 and 20. The fact that Debtor has been unable to secure payment of its outstanding receivables during the year that this case has been pending is further proof of Debtor's inability to adequately finance any purchase of the Property, robbing Creditor of adequate protection even at the hypothetical cramdown amount.

## IV. *The Property has No Equity (11 U.S.C. §362(d)(2)(A))*

Debtor acknowledges that the Property's value is less than Creditor's secured claim as evidenced by their attempt to cramdown the mortgage under 11 U.S.C. §1129(b). *See* Doc. 64. Creditor's judgment lien exceeds Debtor's suggested value of the Property. There is, therefore, no equity in the Property, satisfying the first prong of 11 U.S.C. §362(d)(2). *See In re Dye,* 502 B.R. 47 (Bankr. M.D. Pa. 2013)(finding a lack of equity where the value of the property was less than the secured debt).

## V. *The Property is Not Necessary to an Effective Reorganization (11 U.S.C. §362(d)(2)(B))*

To prevail under 11 U.S.C. §362(d)(2)(B), Debtor must show that the Property is necessary to an effective reorganization that is "in prospect" and not speculative. *See United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 375-76 (1988). Debtor's reorganization Plan, however, is entirely speculative. Initially Debtor proposed to secure a loan modification to address Creditor's secured lien, but it did not materialize. Now Debtor attempts to cramdown Creditor's secured lien and if successful proposes to purchase the Property at the cramdown value. For the reasons stated previously, Debtor's proposed purchase does not appear feasible based on the financial statements Debtor filed in this case. *See* Docs. 20, 71, and 72. The Plan's infeasibility suggests that it is similarly speculative rather than in prospect.

Further, Debtor has not shown that the Property is necessary for an effective reorganization. Debtor is a construction business that uses the Property as an administrative base. It does not employ staff at the location and has presented no evidence to suggest that it could not operate from another location. The business operates at a loss without outside funding or investor

support and has proposed a Plan that is infeasible on its face. A reorganization premised on the ability to cramdown a lien against property Debtor does not own is legally defective. *See Ciccozzi v. Butko (In re Butko),* 617 B.R. 532, 536 (Bankr. W.D. Pa. 2020) (holding that a "bare possessory interest on the petition date without a colorable legal or equitable claim 'is not enough to sustain the protections of the automatic stay.'") (citing *Crawford Square Cmty. v. Turner* (*In re Turner*), 326 B.R. 563, 573 (Bankr. W.D. Pa. 2005)).

## CONCLUSION

For the reasons set forth above, Movant and Objecting Creditor, HSBC Bank USA, National Association, as Trustee for Wells Fargo Mortgage Backed Securities 2007-7 Trust respectfully requests that this Honorable Court enter an Order denying confirmation to Debtor's Chapter 11 Plan and granting its Motion for Relief from the Automatic Stay pursuant to 11 U.S.C. §362(d) and Federal Rule of Bankruptcy Procedure 4001(a), and permit Creditor to take all steps necessary to proceed with enforcement of its foreclosure judgment.

Respectfully submitted,

STERN & EISENBERG, PC

By: /s/ Daniel P. Jones
Daniel P. Jones, Esquire
Stern & Eisenberg, PC
1581 Main Street, Suite 200
The Shops at Valley Square
Warrington, PA 18976
djones@sterneisenberg.com
Phone: (215) 572-8111
Fax: (215) 572-5025
Bar Number: 321876

Date: June 4, 2025                                    Counsel for Movant